UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMBASSADOR PROGRAMS, INC., a Washington Corporation, | NO.  CV-05-0343-EFS |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND GRANTING IN PART AND DENYING IN PART SUMMARY JUDGMENT ON ALL CLAIMS** |
| E.I.L., LTD., a foreign business entity organized under the laws of the United Kingdom, | |
| Defendant. | |

On August 24, 2006, the Court heard oral argument on Defendant Experiment in Living, LTD.'s ("EIL's") Motion for Partial Judgment on the Pleadings and Summary Judgment on All Claims (Ct. Rec. 9).  Lori Adams appeared on behalf of Plaintiff Ambassador Programs, Inc. ("Ambassador"), and Meriwether Williams appeared on behalf of Defendant EIL.  At the hearing, the Court requested supplemental briefing regarding *Smith v. Jackson,* 106 Wash. 2d 298 (1986), a case discussed at oral argument but not addressed by the briefs of either party.  After hearing oral argument and reviewing submitted materials, including the supplemental briefs, the Court is fully informed.  Defendant's request for Partial Judgment on the Pleadings is denied and Defendant's request for Summary Judgment on All Claims is Granted in Part and Denied in Part.

ORDER-- 1

**I. BACKGROUND**

Plaintiff Ambassador is a corporation located in Spokane, Washington. (Ct. Rec. 13 Ex. A at 2.) Ambassador operates an educational program in which American students travel to foreign countries and are provided living accommodations ("homestays") with foreign individuals. *Id.* at 2-3. Defendant EIL is a European organization that selects homestay hosts for students. *Id.* at 4.

Ambassador and EIL entered into an agreement in which EIL stipulated it would administer homestays for Ambassador's United Kingdom Program ("Program"). *Id.* Although EIL did not sign a contract in regard to the homestay agreement, Ambassador provided EIL "Guidelines for Implementation of Standards of Excellence" and expected compliance. *Id.* Ambassador explained the homestay guidelines on two occasions with EIL. *Id.* The pertinent guideline in the instant case required students of the Program to be placed in homes with married couples or single adults with children. *Id.*

In the summer of 1999, Ron Carroll, a single man with no children, was selected by EIL as a homestay host for the Program in Edinburgh, Scotland. *Id.* at 4-5. Joel Moyer, a minor, was an Edinburgh Program student assigned to live with Mr. Carroll. *Id.* at 2, 6. That summer, one of Ambassador's representatives, a chaperone who was traveling with the students in Europe, became concerned about EIL's selection and informed Ambassador. *Id.* at 5-6. Joel Moyer alleged that Mr. Carroll molested him. *Id.* at 7.

On February 2, 2001, Joel Moyer and his parents filed a lawsuit ("*Moyer* action") against Ambassador, EIL, and other parties in the Southern District of Ohio Western Division seeking damages suffered by

ORDER-- 2

Joel as a result of the alleged molestation by Mr. Carroll. (Ct. Rec. 13 Ex. B.)  EIL filed a motion to dismiss for lack of personal jurisdiction and insufficiency of service of process which was granted on March 14, 2002. (Ct. Rec. 13 Ex. C.)

The plaintiffs in the *Moyer* action filed a motion for partial summary judgment on the issue of whether Ambassador owed a duty to them. (Ct. Rec. 13 Ex. A.)  The district court in *Moyer* granted the plaintiffs' motion for partial summary judgment. *Id*. at 22.  According to the court in *Moyer*, "Ambassador's duty to exercise reasonable care to protect Program participants against unreasonable risk of harm was *non-delegable* . . . .  Ambassador may be held vicariously liable for negligent acts or omissions of EIL in connection with Joel's homestay."  *Id*. at 22-23 (emphasis added).

Following EIL's dismissal in *Moyer* and the Court's finding that Ambassador owed a duty to the *Moyer* plaintiffs, Ambassador and the *Moyer* plaintiffs agreed to a settlement in the amount of $690,000. (Ct. Rec. 16 Ex. 1.)  On February 24, 2005, pursuant to the settlement agreement, the *Moyer* plaintiffs dismissed the lawsuit against Ambassador with prejudice. (Ct. Rec. 16 Ex. 2.)

On October 28, 2005, Ambassador filed the instant action against EIL to recover all, or part, of the settlement paid by Ambassador to the plaintiffs in the *Moyer* action. (Ct. Rec. 1.)  Ambassador alleges three causes of action: (1) breach of contract (2) equitable indemnification, and (3) contribution under RCW chapter 4.22 *et seq.* (Ct. Rec. 1.)  In response to Ambassador's complaint, EIL brought this Motion for Partial Judgment on the Pleadings and Summary Judgment on All Claims. (Ct. Rec. 9.)

ORDER-- 3

**II. MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Defendant EIL asks the Court to grant partial judgment on the pleadings arguing that Ambassador failed to state a statutory contribution claim pursuant to RCW 4.22 *et seq.* (Ct. Rec. 9 at 2.)

A. Standard of Review

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The standard used to determine whether a judgment can be rendered on the pleadings is equivalent to the standard used for a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Wright v. Fred Hutchinson Research Ctr.*, 269 F. Supp. 2d 1286, 1288 (W.D. Wash. 2002).

Under Rule 12(b)(6), a cause of action should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cal. Dump Truck Owners Assoc. v. Assoc. Gen. Contractors of Am.*, 562 F.2d 607, 614 (9th Cir. 1977) (citing *Conley v. Gibson*, 355 U.S. 41, 45 (1957)); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). When resolving a Rule 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff, (2) accept all well-pleaded factual allegations as true, and (3) determine whether plaintiffs could prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Integrated Res. Equity Corp. v. Founders Bank of Ariz.*, 74 F.3d 1246 (9th Cir. 1996).

A claim should be dismissed where there is a "lack of cognizable legal theory" or "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  If the court finds that the complaint is insufficient as pled, the court should provide the plaintiff with an opportunity to amend the complaint unless the pleading "could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

"If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." FED. R. CIV. P. 12(c); *see e.g. Marchese v. Shearson Hayden Stone, Inc.*, 734 F.2d 414, 422 (9th Cir. 1984).

### B. EIL's Joint and Several Liability Categorization

EIL argues, pursuant to RCW 4.22.040(1), that contribution is only available to parties who are jointly and severally liable and RCW 4.22.070 limits those parties to three categories, none of which are contained in Ambassador's complaint.  EIL also argues its dismissal from the *Moyer* action reinforces its position that it cannot be held jointly and severally liable, citing RCW 4.22.070(1).

Washington courts have repeatedly held that only parties that are jointly and severally liable may recover contribution.  RCW 4.22.040(1) (2005); *Kottler v. State*, 136 Wash. 2d 437 (1998); *see e.g. Glass v. Stahl Specialty Co.*, 97 Wash. 2d 880, 887 (1982); *Elovich v. Nationwide Ins. Co.*, 104 Wash. 2d 543, 554 (1985); *Washburn v. Beatt Equip. Co.*, 120 Wash. 2d 246, 292 (1992).  Pursuant to RCW 4.22.070, joint and several liability can only be achieved under three circumstances:

ORDER-- 5

> *First*, modified joint and several liability is retained where
> the negligent parties were acting in concert or where there was
> a master/servant or principal/agent relationship at play.
> *Second*, full joint and several liability remains the rule in
> cases involving hazardous waste, tortious interference with
> business, and unmarked fungible goods such as asbestos. *Third*,
> a limited form of joint and several liability is retained where
> the plaintiff is fault-free and judgment has been entered
> against two or more defendants.

*Kottler*, 136 Wash. 2d at 446 (citing RCW 4.22.070(1), (3)) (emphasis added).

Ambassador's complaint sets forth a claim for contribution under RCW chapter 4.22. The complaint also states that EIL is jointly and severally liable with Ambassador for the *Moyer* settlement agreement. Further, the complaint states that Ambassador seeks contribution in the full amount of the settlement payment, though it does not identify a specific theory of joint and several liability.

Ambassador's claim should not be dismissed for failure to state a claim. Two of the three categories for joint and several liability under RCW 4.22.070 do not apply. This case plainly does not involve hazardous waste, tortious interference with business, or unmarked fungible goods. RCW 4.22.070(3)(a)-(c) (2005). Nor does this case involve a fault-free plaintiff and entry of judgment against two or more defendants, because no judgment was entered against EIL in the *Moyer* action. RCW 4.22.070(1)(b) (2005). In regard to the agent, or acting in concert, category for joint and several liability, Ambassador may be able to prove a set of facts in support of its claim which would entitle it to relief.[1]

---

[1]Federal Rule of Civil Procedure 8's notice pleading standard only requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P.

ORDER-- 6

"An express or implied agency relationship may exist when one party acts at the instance of and, in some material degree, under the direction and control of another." *CKP., Inc. v. GRS Constr. Co.*, 63 Wash. App. 601, 607 (1991) (citing *Hewson Constr., Inc. v. Reintree Corp.*, 101 Wash. 2d 819, 823 (1984)). Ambassador never made housing arrangements for its program participants; it orally contracted with EIL to provide them. Ambassador's written guidelines explain the requirements of the program. It is plausible that facts could be presented to demonstrate that EIL acted as an agent for Ambassador. Therefore, the Court denies EIL's motion to dismiss the statutory contribution claim.

### C. EIL's Dismissal and Joint and Several Liability

EIL was dismissed from the *Moyer* action. EIL argues that its dismissal eliminates any joint and several liability. It cites RCW 4.22.070 which states:

> [j]udgment shall be entered against each defendant except those who have been released by the claimant or are immune from liability to the claimant or have prevailed on any other individual defense against the claimant in an amount which represents that party's proportionate share of the claimant's total damages.

RCW 4.22.070(1) (2005). Being dismissed for lack of personal jurisdiction and insufficient service of process constitutes

---

8(a)(2). Based on this standard, a plaintiff is not required to expressly state the factual basis behind its claims in its complaint. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The complaint "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47).

ORDER-- 7

"prevail[ing] on any other individual defense." *Id.* However, this section of the statute deals with allocation of liability among co-defendants, not with joint and several liability arising from an agency relationship. Therefore, the Court denies EIL's motion for judgment on the pleadings.

**III. SUMMARY JUDGMENT ON ALL CLAIMS**

EIL requests summary judgment on all claims arguing, (1) the breach of contract claim is time-barred, (2) statutory contribution is unavailable as the statute of limitations has run on the underlying claim, and (3) equitable indemnification is not available between joint tortfeasors. (Ct. Rec. 9 at 2.)

A. Standard of Review

Summary judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When considering a motion for summary judgment, a court may not weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue for trial exists only if "the evidence is such that a reasonable jury could return a verdict" for the party opposing summary judgment. *Id.* at 248. In other words, issues of fact are not material and do not preclude summary judgment unless they "might affect the outcome of the suit under the governing law." *Id.* There is no genuine issue for trial if the

evidence favoring the non-movant is "merely colorable" or "not significantly probative." *Id.* at 249.

If the party requesting summary judgment demonstrates the absence of a genuine material fact, the party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial" or judgment may be granted as a matter of law. *Anderson*, 477 U.S. at 248. This requires the party opposing summary judgment to present or identify in the record evidence sufficient to establish the existence of any challenged element that is essential to that party's case and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Failure to contradict the moving party's facts with counter affidavits or other responsive materials may result in the entry of summary judgment if the party requesting summary judgment is otherwise entitled to judgment as a matter of law. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

B. Summary Judgment on the Breach of Contract Claim

Ambassador contends EIL breached its homestay contract to arrange living accommodations for the Program when EIL placed Joel Moyer in a home with Ron Carroll, a single man with no children in violation of Ambassador's written homestay guidelines. The statute of limitations in Washington for unwritten contracts is three years and for written contracts is six years. EIL's breach of contract occurred during the July 1999 Program. Because this case was filed on October 28, 2005, more than six years later, EIL maintains the breach of contract claim is barred whether the contract is considered oral or written. Ambassador claims the breach of contract claim did not accrue until the *Moyer* action

ORDER-- 9

was settled on February 24, 2005, when Ambassador entered the settlement agreement with the *Moyer* plaintiffs and suffered actual damage. Therefore, Ambassador argues its breach of contract claim, filed October 28, 2005, is not barred by any statute of limitations.

Under Washington law, "courts have consistently held that the statute of limitation in a contract action begins to run when the contract is breached." *N. Coast Enters., Inc. v. Factoria P'ship*, 94 Wash. App. 855, 859 (1999); *Wm. Dickson Co. v. Pierce County*, 128 Wash. App. 488, 495 (2005) ("Generally, the statute of limitations in a contract action begins to run at the time of breach") (citing *N. Coast Enters., Inc.*, 94 Wash. App. at 859); *Versuslaw, Inc. v. Stoel Rives, LLP*, 127 Wash. App. 309, 320 (2005) ("A contract claim accrues when there is a breach of contract") (citing *Schwindt v. Commonwealth Ins. Co.*, 140 Wash. 2d 348 (2000)).  However, the discovery rule provides an exception in certain breach of contract claims.  The discovery rule allows the running of the statute of limitations to be delayed until "a party knows or, in the exercise of due diligence should know, of the other party's breach." *Architechtonics Constr. Mgmt., Inc. v. Khorram*, 111 Wash. App. 725, 737 (2002).

The Court finds the breach of contract occurred in July 1999 when EIL placed Joel Moyer in the home of Ron Carroll.  Neither Ambassador nor EIL dispute that the contract was oral.  The statute of limitations, for oral contracts is three years.  RCW 4.16.080(3) (2005).  The guidelines presented to EIL specifically stated students of the Program were to be placed in homes of married couples or single individuals with children. Ambassador reviewed all of the guidelines, including the homestay host guidelines, with EIL when the organization visited Spokane, Washington.

ORDER-- 10

These guidelines were reviewed for a second time when an Ambassador representative traveled to the United Kingdom to observe the Program's status.  EIL's selection of Ron Carroll, a single male with no children, as a homestay host for Joel Moyer caused a direct breach of the contract formed between Ambassador and EIL.

Ambassador presents an argument that the breach occurred at the time it settled the *Moyer* action.  In support of its position, Ambassador cites two cases, neither of which apply: *Mayer v. City of Seattle*, 102 Wash. App. 66 (2000), and *Pietz v. Indermuehle*, 89 Wash. App. 503 (1998).  The Court in *Mayer* stated, "injury or damage must be 'actual and appreciable' before the statute of limitations will begin to run." 102 Wash. App. at 75 (citing *Haslund v. City of Seattle*, 86 Wash. 2d 607, 620 (1976)).

*Mayer* is distinguishable from the instant case because it involved tort claims rather than a breach of contract claim.  *Mayer*, 102 Wash. App. 66.[2]  In *Mayer*, the court's discussion of "actual and appreciable" injuries involved whether the plaintiff should have realized that material on his property was toxic.  *Id*. at 75.  Many complex tort claims

---

[2]The plaintiff in *Mayer* was a real estate developer who attempted to build a road on his property.  *Id*. at 72.  While applying for a permit from the city, the *Mayer* plaintiff discovered highly toxic material which prevented him from building.  *Id*. at 73-74.  Subsequently, the plaintiff sued an adjacent property owner, the City of Seattle, and cement manufacturers under various negligence theories; however, there was no contract claim at issue.  *Id*. at 74.

involve uncertainty in determining whether a person should know he or she has a claim.  Such uncertainty may be generated by the gradual nature of the harm, or the necessity of an expert to confirm, quantify or verify the harm and its cause.  The discovery rule was developed to account for these obstacles to an ordinary person, and creates a rule of reasonableness where ascertaining harm is complicated by such issues. The discovery rule is not applicable to the instant action.  Ambassador knew of the contract breach in July of 1999, and had notice of harm to Joel Moyer on *filing of the lawsuit* in 2001.  The only fact unknown to Ambassador was whether harm to Joel Moyer would be proven and if so, the amount of the damages.  The discovery rule of *Mayer* should not be twisted to suggest that harm is not "actual and appreciable" until imposition of liability by judgment or otherwise.

The other case cited by Ambassador involved a plaintiff's attempt to seek indemnification from former business partners.  *Pietz v. Indermuehle*, 89 Wash. App. 503 (1998).  The Court in *Pietz* held that, "[a] cause of action accrues when the plaintiff has a right to seek relief.  An indemnity or contribution cause of action accrues when the payment is made."  89 Wash. App. at 511 (internal citations omitted). Thus, while this case might support Ambassador's contribution claim, with respect to the breach of contract, *Pietz* stands for the general principle that a cause of action accrues once a plaintiff has a right to seek relief.  Here, Ambassador had a right to seek relief as of the breach of the contract in July 1999.

Considering the evidence in the light most favorable to Ambassador, there are no unresolved questions of fact regarding the contract formed between Ambassador and EIL.  The breach by EIL occurred in July 1999.

The three-year statute of limitations for an unwritten contract applies. Ambassador's breach of contract claim became time-barred in July 2002.[3] The Court grants EIL's motion for summary judgment on the breach of contract claim.

C. Summary Judgment on Statutory Contribution Claim

EIL argues that any statutory contribution claim is subject to the same statute of limitations applicable to the cause of action that gave rise to the liability. Following this argument, when the statute of limitations ran on Joel Moyer's claim against EIL in the *Moyer* action, it also ran on any contribution action by Ambassador against EIL. Under RCW 4.16.340, a Washington statute addressing the statute of limitations on childhood sexual abuse actions, the statute of limitations is three years. EIL maintains the statute of limitations on Joel Moyer's claim ran no later than February 2, 2004, three years from the "time the victim discovered that the act caused the injury for which the claim is brought." RCW 4.16.340(1)(c).[4] Ambassador contends RCW 4.22.050(3)(b),

_____

[3]Assuming, *arguendo*, a six-year statute of limitations for a written contract, the claim would have become time-barred in July, 2005, three months before this case was filed. Assuming, *arguendo, Mayer* has any application to a contract claim and that harm from the breach had to be "actual and appreciable" before the statute of limitations would begin to run, the claim would have been time-barred in February 2004, over a year before this case was filed.

[4]If the Ohio statute of limitations is applicable, EIL argues the statute ran on Joel Moyer's claim no later than March 14,

ORDER-- 13

a Washington statute providing the statute of limitations for the enforcement of contribution claims is the appropriate statute and does not bar Ambassador's contribution claim against EIL. EIL counters that compliance with RCW 4.22.070 is a prerequisite to application of RCW 4.22.050(3)(b), and Ambassador cannot satisfy RCW 4.22.070 because the statute of limitations has run on the claim between Joel Moyer and EIL under both Washington and Ohio law.

EIL and Ambassador dispute the applicability of *Gerrard v. Craig*, 122 Wash. 2d 288 (1993), in the context of an underlying claim's statute of limitations and contribution based on joint and several liability.[5] EIL argues the case stands for the proposition that once the statute of

---

2003.

[5]In *Gerrard*, the plaintiff filed a tort claim against two defendants. *Gerrard*, 122 Wash.2d at 290. Defendant One filed a cross-claim for contribution against Defendant Two; Defendant Two subsequently obtained summary judgment dismissing the cross-claim. *Id*. at 290-91. Defendant One then settled with the plaintiff. *Id*. at 291. The issue was whether Defendant One could obtain contribution from Defendant Two after Defendant Two was dismissed on summary judgment. *Id*. at 292. The court decided that because Defendant Two had been dismissed on summary judgment, and the statute of limitations had run on the plaintiff's original claim, Defendant Two was no longer a defendant subject to a judgment. *Id*. at 298. Specifically, "[o]nce the statute of limitations had run, there was no longer a possibility that Petitioner Lawson could become jointly and severally liable for Ms. Gerrard's injuries." *Id*.

ORDER-- 14

limitations has run on an underlying claim, RCW 4.22.070 cannot be used to obtain contribution.  Ambassador maintains *Gerrard* is distinguishable because *Gerrard* involved a cross-claim rather than a separate contribution claim.

Only parties that are jointly and severally liable may recover contribution.  RCW 4.22.040(1) (2005); *Kottler v. State*, 136 Wash. 2d 437 (1998).  RCW 4.22.070 establishes three circumstances in which defendants can be held jointly and severally liable; only RCW 4.22.070(1)(a) potentially applies here: "where both [parties] were acting in concert or when a person was acting as an agent or servant of the party."  While the Court has not yet determined whether an agency relationship existed between Ambassador and EIL, the facts and reasonable inferences therefrom create a genuine issue of material fact regarding the existence of an agency relationship.

In light of the possibility of joint and several liability based on agency under RCW 4.22.070(1)(a), *Gerrard* does not bar Ambassador's contribution claim.    The decisions in *Gerrard* and *Kottler* are inapplicable as they are based on RCW 4.22.070(1)(b), which imposes joint and several liability on co-defendants against whom a fault free plaintiff has obtained a judgment.  The court in *Gerrard* explained:

> Lawson correctly points out that he prevailed against Ms. Gerrard on a motion for summary judgment.  Besides, the statute of limitations had run prior to her commencing the action against him.[6]    *He cannot under these circumstances be*

---

[6]Because Ms. Gerrard had filed her cause of action against Lawson and the other co-defendants within three years of the date of the collision, the court could only have meant that the statute of

ORDER-- 15

>    *potentially liable to Ms. Gerrard and cannot become a defendant*
>    *against whom judgment is entered*.

122 Wash. 2d at 298 (emphasis added).  The court explained that because Mr. Lawson, the party against whom the initial defendant was seeking contribution, could not have been liable to the original claimant as her claim against him was time-barred, there was no possibility that he could be a defendant against whom judgment was entered, a requirement for joint and several liability under RCW 4.22.070(1)(b).

*Gerrard* was plainly determining issues of contribution between or among co-defendants for a fault-free plaintiff.  EIL would extend that ruling to *any* contribution claim under the Tort Reform Act.  RCW 4.22.005 et seq.  *Gerrard* certainly does not wholesale "adopt" the statute of limitations for an underlying action and impose that same statue of limitations on contribution actions.

The issue of whether the underlying statute of limitations applies to defendants seeking contribution from others with whom they had an agency relationship has not been addressed subsequent to passage of the Tort Reform Act.[7]  To bring a contribution action under RCW 4.22.070(1)(a), an agency relationship must have existed at some time

limitations had run by the time Mr. Lawson sought summary judgment based on insufficiency of service of process.

[7]In *Gass v. MacPherson's Inc. Realtors,* 79 Wash. App. 65 (1995), the Washington Court of Appeals found that the wording of RCW 4.22.070(1)(a) requires the principal to be a party to the underlying action if an agent is seeking contribution under the statute.  79 Wash. App. at 70.  The court did not address statute of limitations issues.

ORDER-- 16

between the party seeking contribution and the party against whom contribution is sought. In general, "[a]n agent is subject to liability for loss caused to the principal by any breach of duty." *Pilling v. Eastern and Pacific Enters.,* 41 Wash. App. 158, 163 (1985); *Meerdink v. Krieger,* 15 Wash. App. 540, 545 (1976) *citing* RESTATEMENT (SECOND) OF AGENCY § 401 (1958). Further, "[i]f an agent acts contrary to the principal's instructions . . . and the principal suffers loss as a result, the agent has breached the agency's duty to the principal and is subject to liability to the principal." RESTATEMENT (THIRD) OF AGENCY § 7.02 cmt. b (2006). If Ambassador can demonstrate that EIL was acting as its agent, Ambassador's claim may survive.

If Ambassador were suing EIL as a non-agent co-defendant relitigating an unfavorable outcome, *Gerrard* would bar the claim. However, as a person who has discharged an indivisible claim for injury to Mr. Moyer, Ambassador should be permitted to seek contribution from its agent responsible for the harm. RCW 4.22.030, 4.22.070(1)(a). Under RCW 4.22.050(3), this action was timely filed within one year of the judgment and dismissal in the underlying case. Therefore, the Court finds that the underlying statute of limitations does not apply to defendants seeking contribution under subsection (1)(a) and denies EIL's motion for summary judgment with regard to the statutory contribution claim.

D. Summary Judgment on Equitable Indemnity Claim

Ambassador maintains EIL's placement of Joel Moyer in an unsafe home caused Ambassador's involvement in the *Moyer* action. As a result of this lawsuit, Ambassador made a settlement agreement, which should be indemnified by EIL. Ambassador contends that the equitable indemnity

1  claim is an alternative claim to the statutory contribution claim.
2  Ambassador also sets forth an ABC Rule argument in which Ambassador
3  states equitable indemnity should be granted because it was EIL's actions
4  that involved Ambassador in the *Moyer* action.  EIL argues that the
5  Court's finding in the *Moyer* action that Ambassador owed a non-delegable
6  duty to protect Joel Moyer renders Ambassador and EIL joint tortfeasors,
7  "if E.I.L. acted negligently towards Joel Moyer (as alleged in the
8  Complaint), then Ambassador and E.I.L. are joint tortfeasors." (Ct. Rec.
9  18 p. 11.)  Pursuant to RCW 4.22.040, joint tortfeasors have no right to
10 indemnity.

11          *1. EIL and Ambassador's Status as Joint Tortfeasors*

12      RCW 4.22.040 states "[t]he common law right of indemnity between
13 active and passive tortfeasors is abolished."  RCW 4.22.040(3) (2005).
14 The statute does not address indemnity claims among non-joint
15 tortfeasors.  *Sabey v. Howard Johnson & Co.*, 101 Wash. App. 575, 591
16 (2000).  "In abolishing indemnity rights between joint tortfeasors, the
17 Legislature intended such rights would be replaced with contribution
18 rights. As the court observed in *Johnson v. Continental West, Inc.*, 'the
19 intended purpose was to simply substitute the right of contribution for
20 the right of common law indemnity.'"  *Id*. at 589 (quoting *Johnson v.
21 Continental West, Inc.*, 99 Wash. 2d 555, 560 (1983)).

22      During the *Moyer* action, it was established that Ambassador had a
23 non-delegable duty to provide protection for Joel Moyer.  This was due to
24 the fact that participants of the Program were exposed to inherent risks
25 unique to the homestay circumstances; therefore, Ambassador was
26 vicariously liable for EIL's conduct.  Ambassador brings the equitable
   indemnity claim as a claim in the alternative, assuming the court does

ORDER-- 18

1  not find Ambassador and EIL to be joint tortfeasors, while EIL argues

2  that rulings from the underlying litigation require a finding that the

3  two are joint tortfeasors: ". . . Ambassador cannot escape, given the

4  holding in *Moyer,* its status as a joint tortfeasor."  (Ct. Rec. 18 p.

5  13.)  As the parties agree on their status as joint tortfeasors, pursuant

6  to RCW 4.22.040(3), Ambassador's claim for indemnity against EIL fails.

7       *2. EIL's Liability Under ABC Rule*

8      Ambassador's ABC Rule argument is founded on the rule allowing "a

9  plaintiff to recover damages for reasonable expenses incurred in a prior

10  litigation against a third party when that action was a natural and

11  proximate consequence of the defendant's wrongful act or omission."

12  *George v. Farmers Ins. Co. of Wash.*, 106 Wash. App. 430, 445 (2001)

13  (citing *Woodley v. Benson & McLaughlin, P.S.*, 79 Wash. App. 242, 246

14  (1995)).  The three elements that must be satisfied are as follows: "(1)

15  a wrongful act or omission by A [EIL] toward B [Ambassador]; (2) such act

16  or omission exposed or involved B [Ambassador] in litigation with C [Joel

17  Moyer]; and (3) C [Joel Moyer] was not connected with wrongful act or

18  omission of A [EIL] toward B [Ambassador]."  *Id*.

19      While the three elements of the ABC rule are potentially satisfied

20  in this case, Washington Court's have established an additional

21  requirement: if A's conduct is not the sole cause of B's litigation with

22  C, "and particularly if Party B [Ambassador's] own conduct contributed to

23  Party B's exposure in the litigation," the ABC Rule does not apply.

24  *Woodley*, 79 Wash. App. at 248.  Here, the Court in *Joel Moyer v. People

25  to People Int'l Inc.*, found that Ambassador owed a non-delegable duty to

26  Joel Moyer (Ct. Rec. 13 p. 29).  As it was at least partly the alleged

breach of the duty Ambassador owed to Joel Moyer that involved Ambassador

ORDER-- 19

in litigation with Joel Moyer, a claim for equitable indemnity is not proper in this case.

Accordingly, **IT IS HEREBY ORDERED:**

1. EIL's Motion for Partial Judgment on the Pleadings **(Ct. Rec. 9)** is **DENIED.**

2. EIL's Motion for Summary Judgment on All Claims **(Ct. Rec. 9)** is **GRANTED IN PART** (breach of contract and equitable indemnity) and **DENIED IN PART** (statutory contribution).

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this ___13th___ day of February 2007.

                              S/ Edward F. Shea
_____
                              EDWARD F. SHEA
                        UNITED STATES DISTRICT JUDGE

Q:\Civil\2005\0343.MSJ.3.wpd

ORDER-- 20